Case number 25-3135 Pamela Follen v. Comm of Social Security Oral Argument 15 minutes per side Mr. McDaniel for the appellate. Counsel you may proceed. Thank you. May it please the court. We have a dispute as to if Ms. Follen's disability claim should be awarded or should have been awarded disability from the ALJ as well as how is the claim supposed to be processed after our suit. We both agree, us and the commissioner agree, that the case should be remanded. They want it for further consideration. We believe it should be an outright award. Sentence 4 of 405G, the court has the power to reverse the decision and voucher as precedent and its citation, Mowrey and Heckler, make it have that in this case. Let me ask you before we get there, I struggled with the jurisdiction question. Would you say that this is a valid sentence for remand? I would, your honor, mainly because that's what the commissioner asked for. First off, their motion for remand was a sentence for remand. And then the court granted that. And I know that there's the question of how did the judge actually, you know, the wording used in there saying, I'm not ready to decide. Pretty sure that's in the context of their argument of saying there are some issues at step four. So I don't think that should be interpreted as a sentence six one. And I know that the court brought up clink scale, that case out of circuit as like, how do we deal with this? And that case was dealing with issues with the commissioner's motion to start with. And we don't have that in this case. So I think the court has, you know, we have standing, we have jurisdiction over this issue. Counsel, how would you describe the decision? Is it a reversal, an affirmance, or a modification under sentence four? You mean the district courts? Yes. I think it's just a remand down for further consideration. So you wouldn't say it's a reversal or an affirmance or a modification. Correct. Well, I guess out of the three, I would say it would have to be a modification because it's telling the administration to go back. And again, they wanted it for step four issues. So it's essentially telling, well, go fix your step four issues. Our position is that we're well past that. We already have an RFC that's set. It's clear that what the limitations were. And the main one we're dealing with is, you know, the occasional contact. So that's why we believe this should have been a step five case. Any additions at step four would have ended in the same result. We add more limitations, we still will have no jobs because my cross-examination already eliminated them at, you know, at step five already. Mr. McDaniel, I'm sorry. No, go ahead, please. I don't want to belabor the point, but I want to circle back to Judge Bush's question about the, what you said, you think that it's a modification. So ordinarily, if the district court were going to send something back for a modification, it would, an example could be, hey, this RFC is inconsistent with what we see here. You need to modify this because there was evidence that this person actually could walk more than 50 feet. We're going to send it back. We're going to remand it for you to modify. That's, there's nothing like that here. There's just a, this is getting remanded pursuant to the commissioner's request for remand. So I guess I'm still having difficulty grasping how this meets 405G for being either an experiment, a reversal, or a remand, or excuse me, or a modification for purposes of us actually maybe having jurisdiction here. So I guess, so the real issue, from my understanding, is going to be either sentence four or six. Both are technically in 405G. So in this issue, again, there was nothing raised by the commissioner to say we want a sentence six. This was clearly... Yeah, you guys both agree that it's not a sentence six, so we'll accept that. I'm struggling to see how it really is a sentence four either, to be honest. The sentence four, yeah. So I guess the issue is that's what they raised for their motion, and that's what the court granted. And I get it. I don't like, I don't like the district court's, you know, order for remand. I disagree with it. It should have just been a dealt with properly. We should have gone through the full briefing, but again, the commissioner wanted to fight it with a, with a early motion to get it remanded. So I think that the district court's, you know, order was sloppy and did not give all the details it should have. And if it provided more, or if, I guess we could have gone and asked for more clarification on it, but we have what we have. And I think it's clearly occurring with their request and what the court granted, it was a sentence four remand. Well, part of why we care about this is because if it's not, if it's not an appropriate remand, or if it's not a sentence for remand, then I guess, and I shouldn't say we, I have difficulty seeing how this would be a final judgment from which you could actually appeal and that we would have jurisdiction for it. Sure. Well, and that's where I think it comes back to sentence six. I provided a few citations in our, our brief where when you guys ask for more information is, you know, there are cases that we have in the Northern District of Ohio where it talks about a sentence six remand, where the court is still retaining jurisdiction, where we couldn't appeal it. But we all agree that this isn't a sentence six, right? Sure. Well, those are the only two options that we have for it. The court could only dispose of it as sentence four or sentence six. Well, suppose we decide that this isn't enough from this opinion to establish a final judgment under sentence four. What do we do? Well, I think then we have two options. Either the court would have to rule it would be a sentence six, where it goes down to commissioner, and then the district court retains jurisdiction, or it has to go back to the district court for a more clear, I guess, order for remand. And then, again, we would be back, arguably, we would be back up here, or we would go down sentence six. I guess it just depends on if we need a clarification. What basis do we have to order for it to go back to the district court for a more clear order? What legal basis do we have to issue a decision along those lines? Well, I think you guys obviously have jurisdiction over it for, okay, we need clarity on what did you mean, Judge, when you gave this order for remand. That's what I think we would have to come down to. Do you have the authority saying we have requiring clarification? Not in front of me, but I'm sure that this has been dealt with before with the Sixth Circuit on that. I wasn't prepared on that issue, just because, in my opinion, again, it's either a sentence four or sentence six remand. That's what that court had jurisdiction over. So our appeal was on sentence four, therefore, getting up here to you guys for a review on the matter. So you're a reference to the cases that are in the briefs that seem to have this vacate and remand for clarity. Are you relying on that 1991 Malconey and Supreme Court case? I'm not familiar on that one. Does one of the, do any of the others, Clink Scale, for example, give that ability to, the key is, I'm assuming you would have to vacate it in order to send it back for clarity. So if the vacate and remand is available through another procedure, is that your position that we are in that other clarifying procedure? So I'll just make sure I understand what you're saying. So you're saying that the court, the district court should have said vacate remand for it to be going down on a sentence four? Or if we have jurisdiction, then we would have the capacity to remand it to the district court for the purpose of the district court explaining with clarity what its order means. Yeah, I guess. So again, I was not prepared on that specific issue. I thought we were, you know, moving more into the issue of, okay, which route it would go. But I think jurisdictionally, again, Clink Scale, I don't think doesn't apply in this matter, mainly because of just what the issue was with that court and what they were dealing with the commissioner's arguments. I know I don't have much time left on this. I guess the main thing that I was wanting to discuss with the court is the issue with how similar this is to the other cases. Again, with this matter going, you know, before you guys, this is a de novo review where if the court had let us brief the whole thing, we were successful, the other side could have appealed it de novo up to you to review or vice versa. If it was a denial, we could appeal it de novo review. And with the issues that we have with this case, with the occasional contact, it is extremely similar to those ones over in the Southern District with McLaughlin, McAfee and Matthew. And they, again, said that the court had the authority under the sentence for to give a direct award, despite any other minor issues that could have been involved in the matter. Thank you. Thank you, Mr. McDaniel. Ms. O'Callaghan. You may proceed. Unlike being in person, I have to hit the unmute button. So apologies. No problem. May it please the court. Megan O'Callaghan on behalf of the commissioner. And let me start out. It sounds like the court's concerns are jurisdictional in nature. And one of the first questions asked was what type of sentence for remand this was, whether it was an affirmance, modification or reversal. The commissioner's position is that this is a reversal. And if you look in the commissioner's motion, it's motion to the court seeking remand in under the legal standard. We ask, say that reverse remand is warranted because the court has discretion to reverse and remand and that the parties only dispute what will happen on remand. So it is the it is the commissioner's position that the court's order was a reversal. And to the extent the court needs clarification, as you all were talking about relating to the court, including the word vacate to really clarify that this is indeed a reversal, the court could remand to the district court for that clarification. That's indeed what happened in Clinksdale. They asked they remanded for that clarification. That's also similar to what remanded for the purpose of determining whether it was sentence six or it was a dismissal. So it appears the court does have authority to ask the district court for clarification or to clarify what its intended purpose was in the remand order. And what is the. So I'm sorry. Go ahead, Judge Strantz. And if if there was no judgment entered, then do you believe that the court would still be able to follow Maconian and and say that there is that vacation is a remedy available? I'm not. I mean, let me try to make reversal. I'm struggling with the trying to cram it into the whole of reversal when I'm wondering if there is not sufficient case law there to show that it fits within the category of simple vacation and and a remand to the district court for the district court to clarify its order. And I guess I'm struggling a little bit, too, because I'm trying to put there like, you know, there's two buckets, the district court's jurisdiction and then your jurisdiction, you have jurisdiction over final orders. And I think it's clear that you have jurisdiction over any sentence for final order. And the Supreme Court made clear that a separate judgment document isn't required because a sentence for order is in and of itself a judgment and will be considered a judgment, albeit that was in the context of EJA. But the Supreme Court did consider that sentence for order to be a judgment. So we would argue that this court does indeed have its own jurisdiction over that final order of the district court. Counsel, what about this district court or magistrate judge order makes it, what do you look to to determine that it's a reversal and what do you look to to determine that it's a final judgment? Sure. Go ahead. We recognize that it could have been better and that it could have been more clear, but we do think it says enough. So there are a couple of things that we look to in the order. First, the order grants the commissioner's motion. As we point out, the commissioner's motion does discuss reversal with remand. In addition, the commissioner's motion identifies deficits or flaws in the ALJ's decision warranting remand. It's these flaws where we specifically flaws related to consideration and articulation of medical opinions and prior administrative medical findings. It's these flaws and deficits that the commissioner explained were the basis for asking for remand. So in that respect, we pause it and we suggest that it is a reversal. We're not asking to keep, maintain, affirm any portion of the ALJ's decision. In addition, if you look at the order itself, you can see that the court is trying to follow the words and terms of sentence four. So for example, if you look at on the order, I think it's the last paragraph of the first page, the court says, having reviewed the transcript of proceedings and Ms. Follin's brief on the matter, the court had previously indicated it had reviewed the commissioner's motion. That mimics and mirrors sentence four, which discusses that sentence four judgments are based on the transcripts and the pleadings. So the court notes that it is making its decision based on the transcripts and pleadings of the party. And then finally, the court indicates that it is granting it and on remand sent to the judge for further consideration, further development of the administrative record as necessary, and to determine whether plaintiff is disabled. So you mentioned deficits and flaws as the basis for the reversal. I'm just a little, I want some clarification as to exactly what did the ALJ do wrong in the commissioner's view that warrants a reversal? Sure. So the regulations require that the decision address both the supportability and consistency of all medical opinions and prior administrative medical findings. The commissioner acknowledges that the ALJ's decision did not adequately address those required elements for the medical opinions and the prior administrative medical findings. And is there any dispute between the parties as to these alleged flaws? In Ms. Follin's reply brief, she acknowledged those laws might exist, but argues that the court should not look at them because they were not argued or identified by her. And why is the commissioner not prepared to accept that this remand should only be for assessment of damages? Sure, because the standard for that rare remedy is high and has not been met here. So when an award of benefits is what happens on remand, the court steps in and it finds the claimant to be disabled. The court is the one doing the fact finding. And in order for that to happen, all factual issues have to be resolved. And as I noted, Ms. Follin contends that the court should focus on the factual issues related to step five. But by pressing for an award of benefits, Ms. Follin has placed all essential facts at issue. Because all essential facts are at issue, we have to look at whether disability has been established or whether there are any faults at any point along that five-step sequential evaluation. Here, the commissioner identified faults with considering medical opinions. But even if we look only at the factual issues raised by Ms. Follin, the agency did not reach the same factual conclusion she did. Indeed, the ALJ found that jobs would not be precluded by a limitation to only occasional contact. The ALJ in the decision noted the temporary nature of the probationary period and that it would not remain forever. I guess what I'm trying to get at here is, just to cut to the practicality of the situation, is the government trying to buttress its decision to deny disability? Or is it looking for a reason to reconsider whether to grant disability here? Why are you seeking this remand, this confession of error? Usually when the government confesses error, it's to benefit the other side. And I just can't figure it out here, whether you're trying to benefit the other side or you're trying to buttress your own position here. Sure. We're trying to meet Ms. Follin partway. So the normal... I don't understand what that means. Right. So the normal remedy in these cases is to remand for further proceedings, right? That is the ordinary remand rule. And that was one of the alternative remedies Ms. Follin requested in her initial motion to the district court. So we are meeting her partway by saying we agree the ALJ's decision should be vacated, the ALJ's decision should be reversed and remanded, but only for further proceedings because all factual issues have not been resolved. I guess are you trying to get more bulletproof? Is that why you want the remand? That you're afraid you're going to lose if it goes to the merits in front of the district court on this record? Is that why you need the remand? Or are you doing it because truly there was an error and you think you might change your mind about granting disability benefits? Truly there is an error. And the decision is that the ALJ looks the case de novo on remand. So there will be a further hearing. There will be a longer period at issue. The ALJ will consider an additional 10 months. There will be more evidence. And the ALJ on remand and giving Ms. Follin the opportunity for hearing will issue a new decision. So are you reserving to the commissioner the ability to perhaps confess error and deny benefits altogether based upon how the evidence is assessed on remand? If I understand the question correctly, on remand the result could be the same. That the agency denies benefits because the five-step sequential evaluation does not lead to a determination of disability. It could also be that Ms. Follin proves disability and is indeed awarded benefits. The agency is not committing to either outcome. So all you're doing through the confession of error is to give her another shot at the liability phase without expressing one way or the other what the commissioner, what they're, apparently you're going to continue to deny the disability benefits on remand. That is correct. But you're saying she has another opportunity to convince the ALJ. That is correct. And so that this is what normally happens on remand. I'm sorry to interrupt, but when you say that that's what normally happens, I guess I want to push back a little bit on that. Ordinarily, if the district court makes a say a merits decision, which is what ordinarily happens under a 405 sentence for remand. And even though it's remanded for further proceedings, it's after a merits decision. And so there's not the possibility typically that the commissioner would come back and say, oh, OK, well, even though the district court said that you made this error on the RFC or you made this error at the in terms of employment that's available stage, we're going to deny benefits like that's not ordinary, is it? What happens is the case will be remanded for further proceedings like we're talking about here. My question is more specific. Right. And I hope I'm sorry. Hopefully I'm getting to it. OK, I'll be the ALJ will address the errors identified by the district court in those proceedings, but we'll still look at the case de novo. So, for example, if we were to use the if we're used to medical opinion error. So if the if the court says that the commissioner erred with respect to considering considering supportability on remand, there would be a new hearing. In this case, there would be an additional evidence and the ALJ would ensure that the error was addressed, but also that the full sequential evaluation process was was gone through. They looked at, you know, substantial gainful activity, severe impairments. So, for example, on remand, there could be different severe impairments on remand. Let's say the ALJ doesn't even get to the RFC or consideration of medical opinions because ALJ finds the person needs a listing. Disability could be decided there. So the court. Yeah, that's not my question. OK, my question is, you said in the ordinary case, this is what happens in the ordinary case. There is a merits decision, meaning that the district court comes to a determination as to whether or not there's substantial evidence to support the disability. OK, that didn't happen here. So is the ordinary case that you're talking about a case in which the commissioner has come forward and said, hey, we admit error someplace. Please remand this. And ordinarily the claimant would, frankly, you know, when I was a district judge, we would ordinarily see those by way of a stipulation. You don't have a stipulation here, right? Correct. So, but you're saying that in the ordinary case where you had a stipulation, that's what would occur. I am also saying that's what would occur when there has been a decision on the merits. That this case continues to go back down for further proceedings, which include opportunity for a new hearing if there's an unadjudicated period that would include gathering additional evidence, further fact finding, proceeding through the sequential evaluation. Your Honor is correct. This is different than the usual. So both parties have argued about substantial evidence. The plaintiff has said there's not substantial evidence. The commissioner has said there is. The court agrees with the plaintiff and remands for further proceedings. The same thing will happen in this case under that scenario. The same thing also happens when the parties stipulate to remand for further proceedings. It goes back. There's a de novo review and decision where there's an unadjudicated period, there's a new hearing, and an ALJ goes through the sequential evaluation process. Okay. Thank you, Ms. O'Callaghan. Mr. McDaniel, do you have a rebuttal? Yes, please. Proceed. Thank you. A couple things that stood out with the commissioner's arguments. I disagree with their position that this is meeting partway. We were approached before they motioned it because they wanted to do a stipulated remand. We know how this works. We don't agree with erasing and starting over because she clearly said that the commissioner does not want to keep any portion of the ALJ's decision. We feel all the testimony up to the final marking at step five is favorable for us. So this is not meeting partway. And there's two things that stand out that I want to point out to the court. Number one, our brief cited a case out of this, the Ninth Circuit, it's Banky versus Barnhart, where they quoted saying, if we don't do if we don't just award it, it's for the commissioner, it's heads, we win tails, let's restart and play again. That's what this is for them. There's no judicial efficiency. And there's another case that I want to bring up that has never gotten up here. It's been done in the district court over and over. It's Kasarnich versus commissioner. Case number is 524-CV-1130. That case, my colleague, Mr. Casper's been dealing with since 2015. We've gone to the district court three times. It just got remanded again a few months ago. And you can't see it yet, but it's going to be up for a fourth time soon. So it's just this repetition and getting out of this cycle. And even if this case gets remanded, and they vacate the decision, like you guys were kind of alluding to, they could then, you know, shore up their position and make this a lot harder for my client, even though we already have a clear cut RFC that shows that no jobs can be performed. And as the commissioner is pointing out, there's two things that they mostly want to do or that she pointed out is they think there was an error at step four. And also, she pointed out that the judge made some comments at step five. And I would encourage the courts to go back and review those three citations we provided, McLaughlin, McAfee, and then Matthew H. All three of them have similar issues. McAfee's, it just says similar, where they pointed out that, yeah, there was an issue at step four, but we don't care. There's no jobs available at step five, so we're going to award it. And then also, Matthew H. points out that even though the judge made some wrong conclusions at five, everything else is covered, so we're just going to award it. And again, they're all dealing with the same issue with this occasional contact, this conflict at the beginning of employment. So again, that's our position on this matter. The, you know, she mentioned briefly about the issue of the judge bringing up the temporariness of, you know, the training period. And yeah, it's temporary, and we don't disagree with that. But just because the judge made that comment doesn't make it relevant for this issue or for why the judge could deny it. You know, the, what is it, the case of the Second Circuit that we cited, Stepanski, I believe it is, Stepanski, yeah, that's the case where they say that all that stuff in an initial stage matters. And our position is training and probationary periods are different. They do happen at the same time, but they are both relevant for that, for that beginning. Because if you can't begin the work, you can't sustain the work. The one thing that the judge did bring up that I think is important is the judge said that at step, again, the RFC at step four is clear, occasional contact. At step five, he made a comment saying, well, the claimant can still perform more than occasional contact for a period of time. And that's one of the issues that we have with, that's inconsistent with the RFC. The RFC controls all the code. I'm going to interrupt because I have one last question I wanted to ask you about.  So if we determined that we did not have appellate jurisdiction here, then you would be left with this ruling from the district court, which would presumably send the case back to the ALJ. Is there anything we could do in the way of perhaps a writ of mandamus that if we construed your notice of appeal as actually a petition for writ of mandamus to order the district court to issue a final ruling? Is that something we could consider as a basis to have some ability to act as an appellate court? I don't know. Again, I have not researched that issue. I would say, again, if you're going to rule that the case needs to go back down, I would request that at least there's some kind of clear order that it's not vacating the whole decision, that we're only looking at, you know, if there's anything extra, you know, at step four to add onto there, because that's their argument that we want to have. If we don't have appellate jurisdiction, we can't be opining on things like that. Sure. Again, I'm not familiar with that. It's simple. It's whether or not we can, whether you would want us to construe this as a motion for writ of mandamus as an alternative. As an alternative? Sure. Yes. And if we could have the same, some kind of order saying, hey, same V.E., check this out, because our concern is we're going to get a new V.E. It's just going to muddy the water and we're going to have another casarnage on our case. Thank you, guys. I appreciate your time on it. Thank you, counsel. We'll take the matter under submission. We appreciate your arguments, and the clerk may adjourn the court.